Darryl ADAMS; Glenn Bennett; Sherri Bridgett; Charles Gaines; Michael Hampton, Sharon Larkin–Jones; Tina McCorkle; Derrick Williams Appellants,

v.

Frank COPPOLA; Ken Kuzins; Housing Authority City of Pittsburgh, a Political sub-division.

No. 02–1072.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Dec. 19, 2002.

Decided Dec. 20, 2002.

Before NYGAARD, ALITO, and RENDELL, Circuit Judges.

OPINION OF THE COURT

PER CURIAM.

Appellants are officers for the Pittsburgh Housing Authority who filed a complaint alleging various incidents of unfair treatment at work on the basis of race, sex, and age. The District Court, after reviewing their original complaint, characterized it as "rambling" and replete with "typographical and grammatical errors" and expressed frustration with its inability cogently to articulate its apparent claims. The court then granted the defense's motions to dismiss many claims without prejudice pursuant to FED. R. CIV. P. 12(b)(6) and to strike the remainder of the claims for failure to comply with FED. R. CIV. P. 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiffs were invited to file an amended complaint in compliance with Rule 8(a). The amended complaint incorporated the entirety of the original complaint, included additional contentions highlighting some aspects of its allegations, and repeated claims that had already been dismissed. The District Court then dismissed the amended complaint for failing to comply with Rule 8(a) and with the terms of the court's prior order. Appellants now argue that the District Court erred in doing so. Our standard of review " ' "is not whether we would have imposed a more lenient penalty had we been sitting in the trial judge's place, but whether the trial judge abused his discretion in imposing the penalty he did." ' " *In re Westinghouse Securities Litig.*, 90 F.3d 696, 702 (3d Cir.1996) (citations omitted).

*Westinghouse* actually mirrors closely the procedural schema of the instant case. In *Westinghouse* the District Court urged the plaintiffs to "replead in conformity with the requirements of Rule 8," threatening a dismissal with prejudice if the plaintiffs failed to do so. 90 F.3d at 703. The plaintiffs declared their "intention to stand on the [original] Complaint," eliciting the promised dismissal from the District Court. *Id.* We held: "The district court expressly warned plaintiffs that failure to replead the remaining claims in compliance with Rule 8 would result in the dismissal of those claims. The dismissal with prejudice that followed plaintiffs' decision not to amend was not an abuse of discretion." *Id.* at 704.

The same reasoning applies here given the plaintiffs' deliberate defiance of the District Court. The plaintiffs' carelessly drafted complaint further reinforces the propriety of the District Court's decision to dismiss. We have reviewed the amended complaint and the incorporated original and concur with the District Court's characterization of the documents. The amended complaint clearly lacks "the simplicity and brevity of statement which [Rule 8] contemplate[s]." FED. R. CIV. P. 84.

The judgment of the District Court is affirmed.